FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

NOV 0 7 2016

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cr. No. 15-2849 WJ |
| ) | |
| JOE MEDINA, ) | |
| ) | |
| Defendant. ) | |

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., the parties notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the Defendant, Joe Medina, and the Defendant's counsel, Marc Lowry:

### REPRESENTATION BY COUNSEL

1. The Defendant understands the Defendant's right to be represented by an attorney and is so represented. The Defendant has thoroughly reviewed all aspects of this case with the Defendant's attorney and is fully satisfied with that attorney's legal representation.

### RIGHTS OF THE DEFENDANT

2. The Defendant further understands the Defendant's rights:

    a. to be prosecuted by indictment;

    b. to plead not guilty, or having already so pleaded, to persist in that plea;

    c. to have a trial by jury; and

    d. at a trial:

        1) to confront and cross-examine adverse witnesses,

2) to be protected from compelled self-incrimination,

3) to testify and present evidence on the Defendant's own behalf, and

4) to compel the attendance of witnesses for the defense.

### **WAIVER OF RIGHTS AND PLEA OF GUILTY**

3. The Defendant agrees to waive these rights and to plead guilty to the information, charging a violation of 18 U.S.C. § 2422(a), that being Coercion and Enticement.

### **SENTENCING**

4. The Defendant understands that the maximum penalty provided by law for this offense is:

   a. imprisonment for a period of not more than twenty (20) years;

   b. a fine not to exceed the greater of $250,000 or twice the pecuniary gain to the Defendant or pecuniary loss to the victim;

   c. a term of supervised release of not less than five (5) years and up to lifetime supervision to follow any term of imprisonment. (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked — even on the last day of the term — and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);

   d. a mandatory special penalty assessment of $100.00; as well as an additional special penalty assessment of $5,000, pursuant to 18 U.S.C. § 3014; and

e. restitution as may be ordered by the Court.

5. The parties recognize that the federal sentencing guidelines are advisory, and that the Court is required to consider them in determining the sentence it imposes.

6. The parties are aware that the Court will decide whether to accept or reject this plea agreement. The Court may defer its decision as to acceptance or rejection until there has been an opportunity to consider the presentence report. Pursuant to Federal Rule of Criminal Procedure 11(c)(5), if the Court rejects this plea agreement, the defendant shall have the right to withdraw the defendant's plea of guilty.

7. Regardless of any other provision in this agreement, the United States reserves the right to provide to the United States Pretrial Services and Probation Office and to the Court any information the United States believes may be helpful to the Court, including but not limited to information about the recommendations contained in this agreement and any relevant conduct under U.S.S.G. § 1B1.3.

## DEFENDANT'S ADMISSION OF FACTS

8. By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense(s) to which I am pleading guilty. I recognize and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense(s) to which I am pleading guilty beyond a reasonable doubt, including any facts alleged in the information that increase the statutory minimum or maximum penalties. I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

**From on or about July 9, 2015, and continuing to on or about July 12, 2015, I, Joe Medina, enticed Jane Doe, who was 16 years old at the time, to travel in interstate commerce, with the intention that Jane Doe and I engage in sexual activity, for which I could have be charged with a criminal offense. Specifically, I enticed Jane Doe to leave the District of New Mexico. At the time we left New Mexico, my intentions for traveling across state lines included an intention to engage in sexual activity with Jane Doe. Ultimately, that travel included crossing state lines with the intention of traveling to New York. I now understand that sexual contact with a minor under the age of 17 is a criminal offense in New York, punishable under NY Penal Code § 130.25, and that Jane Doe was under the age of 17.**

9. By signing this agreement, the Defendant admits that there is a factual basis for each element of the crime(s) to which the Defendant is pleading guilty. The Defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the Defendant's sentence, including, but not limited to, the advisory guideline offense level.

## RECOMMENDATIONS

10. The United States and the Defendant recommend as follows:

   a. The Defendant and the United States have made an AGREEMENT pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), that a specific sentence of 8 years of imprisonment, followed by 15 years of supervised release, is the appropriate disposition in this case. This agreement takes into account the Defendant's acceptance of responsibility, with no further reduction to occur. In addition, the Court may order a fine not to exceed $250,000, a mandatory special penalty assessment and restitution.

   b. If the Court accepts the plea agreement, it must inform the Defendant that the agreed upon disposition will be included in the judgment, and the

4

Court is bound by the terms of the plea agreement once the Court accepts the plea agreement.

## DEFENDANT'S ADDITIONAL AGREEMENT

11. The Defendant understands the Defendant's obligation to provide the United States Pretrial Services and Probation Office with truthful, accurate, and complete information. The Defendant represents that the Defendant has complied with and will continue to comply with this obligation.

12. Except under circumstances where the Court, acting on its own, rejects this plea agreement, the Defendant agrees that, upon the Defendant's signing of this plea agreement, the facts that the Defendant has admitted under this plea agreement as set forth above, as well as any facts to which the Defendant admits in open court at the Defendant's plea hearing, shall be admissible against the Defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the Defendant expressly waives the Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the Defendant admits in conjunction with this plea agreement.

13. The Defendant recognizes that this plea agreement has already conferred a benefit on the Defendant. Consequently, in return for the benefit conferred on the Defendant by entering into this agreement, the Defendant agrees not to seek a downward departure or variance from the specific sentence of 8 years of imprisonment, followed by 15 years of supervised release, as agreed to by the parties pursuant to Rule 11(c)(1)(C) of the Federal rules of Criminal Procedure. If the Defendant, in violation of this paragraph, should nevertheless seek a downward departure or variance, including a departure or variance from the guideline Criminal

History Category, the United States shall have the right to treat this plea agreement as null and void and to proceed to trial on all charges before the Court.

## RESTITUTION

14. The parties agree that, as part of the Defendant's sentence, the Court will enter an order of restitution pursuant to the Mandatory Victim's Restitution Act, 18 U.S.C. § 3663A.

## FORFEITURE

15. The Defendant agrees to forfeit, and hereby forfeits, whatever interest the Defendant may have in any asset derived from or used in the commission of the offense(s) in this case. The Defendant agrees to cooperate fully in helping the United States (a) to locate and identify any such assets and (b) to the extent possible, to obtain possession and/or ownership of all or part of any such assets. The Defendant further agrees to cooperate fully in helping the United States locate, identify, and obtain possession and/or ownership of any other assets about which the Defendant may have knowledge that were derived from or used in the commission of offenses committed by other persons.

16. The Defendant voluntarily and immediately agrees to the administrative, civil, or criminal forfeiture to the United States all of the Defendant's right, title, and interest in the following assets and properties:

    a.    GoPro Digital Video Camera S/N 14C08Cf6;
    b.    Sony Digital Camera NEX-5 S/N 1751788;
    c.    SanDisk 32 GB Micro SD HC Card S/N 44570M58T0CD; and
    d.    Panasonic 1 GB SD Card S/N BJ8DA192599.

17. The Defendant agrees to fully assist the United States in the forfeiture of the above-described property and to take whatever steps are necessary to pass clear title to the

United States, including but not limited to execution of any documents necessary to transfer the Defendant's interest in the above-described property to the United States.

18. The Defendant agrees to waive the right to notice of any forfeiture proceeding involving the above-described property.

19. The Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of the above-described property. The Defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of said property in any proceeding. The Defendant agrees to waive any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of said property by the United States or any State or its subdivisions.

## **SEX OFFENDER REGISTRATION AND NOTIFICATION**

20. The Defendant understands that by pleading guilty, the Defendant will be required to register as a sex offender upon the Defendant's release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The Defendant also understands that independent of supervised release, the Defendant will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout the Defendant's life. The Defendant understands that the Defendant shall keep the Defendant's registration current, shall notify the state sex offender registration agency or agencies of any changes to the Defendant's name, place of residence, employment, or student status, or other relevant information within three business days after such change. The Defendant shall comply with requirements to periodically verify in person the Defendant's sex offender registration

information. The Defendant understands that the Defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If the Defendant resides in New Mexico following release from prison, the Defendant will be subject to the registration requirements of N.M.S.A. 1978 §§ 29-11A-1 to 10. The Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon the Defendant's release from confinement following conviction.

21. As a condition of supervised release, the Defendant shall initially register with the state sex offender registration in New Mexico, and shall also register with the state sex offender registration agency in any state where the Defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The Defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirements to update the Defendant's registration information. The Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

**IMMIGRATION REMOVAL AND OTHER IMMIGRATION CONSEQUENCES**

22. The Defendant recognizes that pleading guilty may have consequences with respect to the Defendant's immigration status if the Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which the Defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding however, and the Defendant understands that no one, including the Defendant's attorney or the district court, can predict to a certainty the effect of the Defendant's conviction on the Defendant's immigration status. The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any immigration

8

consequences that the Defendant's plea may entail, even if the consequence is the Defendant's automatic removal from the United States.

## WAIVER OF APPEAL RIGHTS

23. The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a defendant the right to appeal a conviction and the sentence imposed. Acknowledging that, the Defendant knowingly waives the right to appeal the Defendant's conviction(s) and any sentence, including any fine, imposed in conformity with this Fed. R. Crim. P. 11(c)(1)(C) plea agreement, as well as any order of restitution entered by the Court. In addition, the Defendant agrees to waive any collateral attack to the Defendant's conviction(s) and any sentence, including any fine, pursuant to 28 U.S.C. §§ 2241 or 2255, or any other extraordinary writ, except on the issue of defense counsel's ineffective assistance.

## GOVERNMENT'S ADDITIONAL AGREEMENT

24. Provided that the Defendant fulfills the Defendant's obligations as set out above, the United States agrees that:

   a. Following sentencing, the United States will move to dismiss the indictment.

   b. In the event that the United States Probation Office recommends early termination of the Defendant's term of supervised release, the United States agrees not to oppose this request, so long as the Defendant has been supervised for a minimum of six (6) years.

c. The United States will not bring additional criminal charges against the Defendant arising out of the facts known to the United States that formed the basis of the indictment or present information.

25. This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

26. The Defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises (other than the promises set forth in this agreement and any addenda). The Defendant also represents that the Defendant is pleading guilty because the Defendant is in fact guilty.

## VIOLATION OF PLEA AGREEMENT

27. The Defendant agrees that if the Defendant violates any provision of this agreement, the United States may declare this agreement null and void, and the Defendant will thereafter be subject to prosecution for any criminal violation, including but not limited to any crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false statement, obstruction of justice, and any other crime committed by the Defendant during this prosecution.

## SPECIAL ASSESSMENTS

28. At the time of sentencing, the Defendant will tender to the United States District Court, District of New Mexico, 333 Lomas Blvd. NW, Suite 270, Albuquerque, New Mexico

87102, a money order or certified check payable to the order of the United States District Court in the amount of $100.00 in payment of the special penalty assessment described above.

29. Pursuant to 18 U.S.C. § 3014, if the Defendant is found to be non-indigent, the Defendant will also tender to the United States District Court, a money order or certified check payable to the order of the United States District Court in the amount of $5,000 in payment of the additional special assessment. Pursuant to 18 U.S.C. § 3014(b), this assessment "shall not be payable until the person subject to the assessment has satisfied all outstanding court-ordered fines, orders of restitution, and any other obligation related to victim-compensation arising from the criminal convictions on which the special assessment is based."

## ENTIRETY OF AGREEMENT

30. This document and any addenda are a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties. This agreement is effective upon signature by the Defendant and an Assistant United States Attorney.

AGREED TO AND SIGNED this 7th day of November, 2016.

DAMON P. MARTINEZ
United States Attorney

SARAH J. MEASE
Assistant United States Attorney
Post Office Box 607
Albuquerque, New Mexico 87102
(505) 346-7274

11

I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of my client's rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_____
MARC LOWRY
Attorney for the Defendant

I have carefully discussed every part of this agreement with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.

_____
JOE MEDINA
Defendant