# UNITED STATES DISTRICT COURT, DISTRICT OF NEW MEXICO
## SENTENCING MINUTE SHEET

| | |
|---|---|
| CR No: 15-2849 WJ | USA vs.: Medina |
| Date: April 17, 2017 | Name of Deft: Joe Medina |
| Before the Honorable: William P. Johnson | |
| Time In/Out: 9:28am – 10:34am | Total Time in Court (for JS10): 56 minutes |
| Clerk: R. Garcia | Court Reporter: M. Loughran |
| AUSA: Sarah Mease | Defendant's Counsel: Marc Lowry |
| Sentencing in: Albuquerque, NM | Interpreter: N/A |
| Probation Officer: Kara Thomas | Interpreter Sworn? Yes / No |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Convicted on: | **X** Plea | | Verdict | As to: | **X** Information | | Indictment |
| If Plea: | **X** Accepted | | Not Accepted | Adjudged/Found Guilty on Counts: | | | |
| If Plea Agreement: | **X** Accepted | | Not Accepted | No Plea Agreement | Comments: Rule 11(c)(1)(C) | | |
| Date of Plea/Verdict: 11/7/2016 | PSR: | Not Disputed | **X** Disputed | | Courts adopts PSR Findings | | |
| Evidentiary Hrg: **X** Not Needed | Needed | Exceptions to PSR: Without objection from the Government, the Court sustains Defendant's objection to the 2 level enhancement contained in paragraph 29 for victim related adjustment. | | | | | |

| **SENTENCE IMPOSED** | Imprisonment (BOP): | 8 years |
|---|---|---|
| Supervised Release: | 15 years (If the Defendant is doing well and is compliant, he may be considered for early release from supervision beginning at the 6 year stage). | Probation: |
| REC | **X** 500-Hour Drug Program  **X** BOP Sex Offender Program  Other: | |
| ICE | Court recommends ICE begin removal proceedings immediately or during service of sentence | ICE not applicable |

## SPECIAL CONDITIONS OF SUPERVISION

| | | | | |
|---|---|---|---|---|
| | No re-entry without legal authorization | | | Home confinement for  months  days |
| | Comply with ICE laws and regulation | | | Community service for  months  days |
| **X** | Participate in/successfully complete subst abuse program/testing | | | Reside halfway house  months  days |
| | Participate in/successfully complete mental health program | | | Register as sex offender |
| **X** | Refrain from use/possession of alcohol/intoxicants | | | Participate in sex offender treatment program |
| | Submit to search of person/property | | **X** | Possess no sexual material |
| | No contact with victim(s) and/or co-defendant(s) | | | No computer with access to online services |
| | No entering or loitering near victim's residence | | **X** | No contact with children under 18 years. With regard to Defendant's minor child: The Defendant will have to comply with any and all state court visitation orders. The Court will not enter any separate conditions restricting Defendant's ability to have contact or visitation with his minor child until he undergoes a Sex Offense-Specific Assessment. If, issues arise, Probation and the Government may seek to have this condition modified. |
| | Provide financial information | | **X** | No volunteering where children supervised |
| | Grant limited waiver of confidentiality | | **X** | Restricted from occupation with access to children |
| **X** | Refrain from use and possession of synthetic cannabinoids, etc. | | **X** | No loitering within 100 feet of school yards |
| | No possession of a firearm, ammunition, destructive device or any other dangerous weapon | | | Participate in an educational or vocational program approved by the Probation Officer |
| **X** | OTHER: 1. Deft must comply with the mandatory and standard conditions of supervision including the standard sex offender conditions adopted by the District of New Mexico on December 19, 2011<br>2. Deft must submit to substance abuse testing to determine if you have used a prohibited substance<br>3. Deft must undergo a sex offense-specific assessment to determine the level of risk for sexual dangerousness, etc.<br>4. Deft must begin attending and participating in sex offender treatment consistent with the recommendations of the evaluation<br>5. Deft must cooperate and comply with the US Probation Office's Computer Restriction and Monitoring Program (CRMP) | | | |

*Rev. November 10, 2015*

|   |   |
|---|---|
| | 6. Deft with the written approval of the probation officer possess a computer or a personal internet capable device<br>7. Deft must all the installation of monitoring software/hardware on your computer system<br>8. Deft must permit random unannounced examination of your computer system etc.<br>9. Deft must complete 100 hours of community service during your term of supervised release |

| Fine: | $ 0.00 | Restitution: | $ | Applicable, however no claim for restitution has been made by the victims in this case. The Court will keep restitution open for 90 days. |
|---|---|---|---|---|
| SPA: | $ 100.00 | Payment Schedule: | **X** Due Immediately | ☐ Waived |

| OTHER: | Consistent with a stipulation in the Plea Agreement, the deft forfeits his rights, title, and interest to the GoPro Digital Video Camera S/N 14C08Cf6, Sony Digital Camera NEX-5 S/N 1751788, SanDisk 32 GB Micro SD JC Card S/N 44570M58T0CD and the Panasonic 1 GB SD Card S/N BJ8DA192599. The Court will allow Mr. Lowry to work with the Government to have family photos contained on one of the disks returned to the Defendant.<br><br>*** The defendant is subject to the provisions of the Justice for Victims of Trafficking Act of 2015, which requires the Court to assess an amount of $5,000 on any non-indigent person or entity convicted of an offense under 18 U.S.C. Chapters 77, 109A, 110, 117; or Section 274 of the Immigration and Nationality Act (8 U.S.C. § 1324). **The Court takes this matter under advisement and requests briefing on the matter.** |
|---|---|

|   | Advised of Right to Appeal | **X** | Waived Appeal Rights per Plea Agreement |
|---|---|---|---|
| **X** | Held in Custody | | Voluntary Surrender |
| **X** | Recommended place(s) of incarceration: FCI Safford or Inglewood, CO based on the availability of programs. | | |
| | Dismissed Counts: | | |

OTHER COMMENTS:

Ms. Mease addresses the parties' 11(c)(1)(C) Plea Agreement and requests that the Court accept the plea agreement.
Mr. Lowry addresses the parties' 11(c)(1)(C) Plea agreement and requests that the Court accept the plea agreement.
The Court accepts the parties' 11(c)(1)(C) Plea Agreement.
Ms. Mease makes a statement on behalf of the victim's mother.
The Court addresses Defendant's objections to the factual version of events contained in the PSR; notes Probation filed an addendum which included Defendant's version of events; notes that Defendant's recollection and the victim's differing versions do not impact the guidelines or the sentence in this matter.
The Court chooses not to conduct an evidentiary hearing on Defendant's objections and notes Mr. Lowry's objection for the record.
The Court addresses guideline calculation: Without objection from counsel, the Court finds the base offense level to be 24; notes paragraph 28 imposes a 2 level enhancement which the parties agree was properly applied, but taken into account in the plea agreement by way of a variance. Without objection from Ms. Mease, the Court sustains Defendant's objection to the 2 level enhancement contained in paragraph 29; counsel agree the 2 level enhancement applied in paragraph 31 was properly applied; counsel agree the 5 level enhancement contained in paragraph 33 was correctly applied based on the law; Mr. Lowry notes a philosophical objection.
Ms. Mease makes final sentencing argument.
Mr. Lowry makes final sentencing argument.
The Court addresses the potential $5,000 assessment based on the Justice for Victims Trafficking Act.
Ms. Mease does not request any fine or restitution.
The Court will reserve ruling on the $5,000 assessment and asks Ms. Mease to file a supplement by next Monday [April 24, 2017]; Mr. Lowry may file a response by Friday [April 21, 2017].
Mr. Lowry addresses potential early release from supervision as agreed to in the plea agreement.
If compliant and doing well, the Court will consider early release from supervision no earlier than at the 6 year stage.
Mr. Lowry requests FCI Safford, AZ in arguing that sex offender treatment is not necessary in this case.
If the Court chooses to impose sex offender treatment, Mr. Lowry would requests designation to FCI Inglewood, CO.
The Court asks if counsel has any further objections to the remaining conditions.
Mr. Lowry does not think they pose any obstacle, but if the Court does not think them necessary, he does not either; objects to any further conditions restricting visitation with his client's child or the domestic relation orders; requests

the 500 hour RDAP program.
The Court will impose remaining conditions at this time and allow Defendant to request amending the conditions after release.
Defendant addresses the Court.
The Court accepts the parties' 11(c)(1)(C) Plea Agreement.
Mr. Lowry requests that his client be returned the part of hard disk that contains family photos.
Ms. Mease notes the return of family photos will depend on how readily available they are without having to spend hours searching for them.
The Court directs Mr. Lowry to work with the Government regarding the location on the desk(s) to see if the return of the family photos to the Defendant can be facilitated.
Mr. Lowry requests that the Defendant be allowed to refer to discovery items so as to present his version in response to any press release that the Government may give.
Ms. Mease notes a Protective Order is in place and the Government would not be discussing factual details of the case at any press release.
Mr. Lowry responds.
Ms. Mease replies.
The Court notes there was a Protective Order entered in this case and it expects the parties to comply with it. If the Protective Order needs to be modified or set aside, then the parties may file the appropriate motions.